**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MANNATECH, INC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:14-cv-2497 |
| | § | |
| **WELLNESS QUEST, LLC, and** | § | |
| **HARLEY REGINALD MCDANIEL** | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff, Mannatech, Inc. ("Mannatech") files this Complaint and alleges as follows:

### THE PARTIES

1. Plaintiff, Mannatech, is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 600 S. Royal Lane, Suite 200, Coppell, Texas 75019.

2. Defendant, Wellness Quest, LLC ("Wellness Quest"), is a limited liability corporation organized and existing under the laws of the State of Texas with its principal place of business at 2701 Osler Drive, Grand Prairie, Texas 75051.  Defendant Wellness Quest's registered agent in the State of Texas is JMA Financial Advisors, Inc., 580 Decker Drive, Suite 100, Irving, Texas, 75062.

3. Defendant, Harley Reginald McDaniel ("McDaniel"), is a natural person who resides at 4 Woodland Drive, Mansfield, Texas  76063.  McDaniel may be served at his residence or his place of business, 2701 Osler Drive, Grand Prairie, Texas 75051.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338 because this is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. This court has personal jurisdiction over the Defendant Wellness Quest because Wellness Quest is incorporated in the State of Texas, has its principal place of business in the State of Texas, and has continuous and systematic contacts with the State of Texas.

6. This court has personal jurisdiction over Defendant McDaniel because he is a resident of the State of Texas.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because both Wellness Quest and McDaniel (collectively "Defendants") reside in this district. Venue is also proper pursuant to 28 U.S.C. § 1400(b) because Defendants have committed acts of patent infringement in this district by making, offering for sale and/or selling a dietary supplement product that is covered by one or more of the asserted claims of the patents-in-suit.

## THE PATENTS -IN-SUIT

8. On January 2, 2007, United States Patent No. 7,157,431 (the "'431 Patent"), entitled "Compositions of Plant Carbohydrates as Dietary Supplements" was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '431 patent is attached hereto as Exhibit A and incorporated herein by reference. Mannatech is the original assignee of the '431 Patent, and has owned the patent since it issued.

9. On April 10, 2007, United States Patent No. 7,202,220 (the "'220 Patent"), also entitled "Compositions of Plant Carbohydrates as Dietary Supplements" was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '220 patent is

attached hereto as Exhibit B and incorporated herein by reference.  Mannatech is the original assignee of the '220 Patent, and has owned the patent since it issued.

10. Mannatech has not licensed the '431 patent or the '220 patent to Defendants, or otherwise authorized Defendants and/or their affiliates to make, use, offer for sale, or sell products that embody the inventions claimed in '431 and '220 patents.

11. Mannatech has complied with statutory requirements of 35 U.S.C. § 287 by placing the patent number for the '431 and '220 patents on the packaging of dietary supplements that it manufactures and sells.

## DEFENDANTS' ACTS

12. McDaniel was employed by Mannatech as a Medical Director from 1996 – 2002. McDaniel was involved in the development of the dietary supplement compositions that are the subject of the '431 and '220 patents during this time.

13. McDaniel is one of five co-inventors identified on the '431 patent and the '220 patent.  On October 30, 1997, McDaniel assigned all right, title and interest in the invention and the patent applications that issued as the '431 and '220 patents to Mannatech.

14. Upon information and belief, McDaniel founded Wellness Quest in 2006.

15. Upon information and belief, McDaniel formulated the dietary supplement product which is sold by Wellness Quest under the brand name "New Eden."  Upon information and belief, McDaniel formulated New Eden using knowledge of the patented invention claimed in the '431 and '220 patents that he gained while employed by Mannatech.

16. New Eden is covered by one or more claims of the '431 and '220 patents, including independent claim 1 of the '431 patent and independent claim 1 of the '220 patent.

17. Defendants have in the past and are still offering for sale and selling New Eden. For example, Defendants offer New Eden for sale on the website www.wellnessquest.org. Through the sale of New Eden, Defendants do business in direct competition with Mannatech.

18. Upon information and belief, Defendants actively encourage "affiliates" of Wellness Quest to offer New Eden for sale on their own websites. Upon information and belief, Defendants supply affiliates with banners and links to place on their website. When a customer clicks on one of these links, they are redirected to Wellness Quest's website. Upon information and belief, affiliates are paid referral fees by Wellness Quest on sales generated from the referrals.

19. Upon information and belief, Defendants encourage others to use New Eden by providing information on its website and on the product label concerning how to use the product and the benefits of using the product as a dietary supplement.

20. Upon information and belief, Defendants contracted with a private label manufacturer to make New Eden.

21. Upon information and belief, McDaniel knew of the '431 and '220 patents, and actively and knowingly directed or participated in Wellness Quest's acts of infringement.

### COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,157,431

22. Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. Defendants have infringed and are still infringing the '431 patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling dietary supplements that embody the patented invention, and Defendant will continue to do so unless enjoined by this Court.

24. Defendants have induced and are still inducing others to infringe the '431 patent, literally or under the doctrine of equivalents, by encouraging and assisting others in making, using, offering for sale and/or selling dietary supplements that embody the patented invention, and Defendants will continue to do so unless enjoined by this Court.

25. Defendants' acts of infringement have been without express or implied license by Plaintiff and are in violation of Plaintiff's rights.

26. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial, and is entitled to injunctive relief prohibiting further acts of infringement.

27. Given McDaniel's familiarity with the patents as one of its named inventors, coupled with his involvement in the development of the dietary supplement compositions that are the subject of the '431 and '220 patents, Plaintiff believes that Defendants' acts of past infringement and/or continuing infringement have been deliberate and willful.  As such, this is an exceptional case which warrants an award of increased damages and reasonable attorneys' fees.

### COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,202,220

28. Plaintiff repeats and realleges the allegations of paragraphs 1 through 27 as if fully set forth herein.

29. Defendants have infringed and are still infringing the '220 patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling dietary supplements that embody the patented invention and Defendants will continue to do so unless enjoined by this Court.

30. Defendants have induced and are still inducing others to infringe the '220 patent, literally or under the doctrine of equivalents by encouraging and assisting others in making,

using, offering for sale and/or selling dietary supplements that embody the patented invention and Defendants will continue to do so unless enjoined by this Court.

31. Defendants' acts of infringement have been without express or implied license by Plaintiff and are in violation of Plaintiff's rights.

32. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial, and is entitled to injunctive relief prohibiting further acts of infringement.

33. Given McDaniel's familiarity with the patent as one of its named inventors, coupled with his involvement in the development of the dietary supplement compositions that are the subject of the '431 and '220 patents, Plaintiff believes that Defendants' acts of past infringement and/or continuing infringement have been deliberate and willful. As such, this is an exceptional case which warrants an award of increased damages and reasonable attorneys' fees.

## JURY DEMAND

Mannatech hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mannatech requests that this Court enter judgment against Defendants as follows:

   A. a preliminary and final injunction against the continuing infringement of the '431 patent;

   B. an award of damages adequate to compensate Mannatech for Defendants' infringement of the '431 patent;

   C. an award of increased damages for Defendants' infringement of the '431 patent;

   D. a preliminary and final injunction against the continuing infringement of the '220 patent;

E.  an award of damages adequate to compensate Mannatech for Defendants' past infringement of the '220 patent;

F.  an award of increased damages for Defendants' infringement of the '220 patent;

G.  a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of reasonable attorneys' fees;

H.  an award of interest and costs; and

such other and further relief at law or in equity as the Court deems just and proper.

Dated: July 11, 2014

Respectfully Submitted,

/s/ *Eric W. Pinker*
Eric W. Pinker, P.C. (TSBN 16016550
epinker@lynnllp.com
Mark E. Turk (TSBN 00786298)
mturk@lynnllp.com
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Ave, Suite 2700
Dallas, Texas  75201
Tel: (214) 981-3800
Fax: (214) 981-3839

*Attorneys for Plaintiff*
*Mannatech, Inc.*